# EXHIBIT A

Appendix XII-B1



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

**FOR USE BY CLERK'S OFFICE ONLY**

| | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Casey K. Colonna, Esq. | (609) 386-2633 | Camden |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Smith, Magram, Michaud & Colonna, P.C. | CAM-L- |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 415 High Street, P.O Box 603<br>Burlington, NJ 08016 | Complaint |
| | JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Sharon Scott | Sharon Scott v. Tesla, Inc., Kim Lam, Mike P. Gao |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|
| 603 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ■ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ NO | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ■ YES ☐ NO |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _____

Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603 AUTO NEGLIGENCE – PERSONAL INJURY
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Centrally Managed Litigation (Track IV)
- 280 Zelnorm
- 285 Stryker Trident Hip Implants
- 288 Prudential Tort Litigation

### Mass Tort (Track IV)
- 248 CIBA GEIGY
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE
- 272 BEXTRA/CELEBREX
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 275 ORTHO EVRA
- 277 MAHWAH TOXIC DUMP SITE
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 283 DIGITEK
- 284 NUVARING
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 601 ASBESTOS
- 619 VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category
☐ Verbal Threshold      ☐ Putative Class Action      ☐ Title 59

Effective 07/01/2010, CN 10517-English                                              page 2 of 2

**SMITH MAGRAM MICHAUD & COLONNA**
A Professional Corporation
Casey K. Colonna, Esquire
Attorney ID No.: 003972007
415 High Street
P.O. Box 603
Burlington, New Jersey, 08016
(609) 386-2633
Attorneys for Plaintiff

| | |
|---|---|
| SHARON SCOTT, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION |
| | : CAMDEN COUNTY |
| Plaintiff, | : |
| vs. | : DOCKET NO. CAM-L- |
| | : |
| TESLA, INC., KIM LAM, MIKE P. GAO, | : |
| JOHN DOE, a fictitious person | : Civil Action |
| and RICHARD ROE, INC., a fictitious | : |
| corporation, XYZ, INC., a fictitious | : |
| corporation or partnership, the real names | : |
| being unknown jointly, severally and in the | : |
| alternative, | : |
| | : **COMPLAINT AND DEMAND FOR** |
| | : **TRIAL BY JURY** |
| Defendant(s), : | |

The Plaintiff, Sharon Scott, residing at 52 Woodmill Drive, Clementon, New Jersey, by way of Complaint against the Defendant says:

### FIRST COUNT

1. This is an action to recover damages for injuries suffered by Plaintiff, Sharon Scott in a motor vehicle crash which occurred January 26, 2020, in or around the toll booth of the Southbound Interchange 3, Toll Plaza of the New Jersey Turnpike.

2. This action has been commenced within two years after the subject accident.

3. At that time and place Sharon Scott was the toll collector in the toll booth on the New Jersey Turnpike where the incident occurred.

4. Defendant Kim Lam was operating the 2019 Tesla Model X bearing vehicle identification number 5YJXCAE26KF181423 (hereinafter the "Tesla" or the "subject Tesla" or "the vehicle")

SMITH MAGRAM
MICHAUD COLONNA
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
415 HIGH STREET
P.O. BOX 603
BURLINGTON, NJ 08016-0603

which was owned by Defendant, Mike P. Gao.

5. On or near the off ramp near Southbound Interchange 3 the subject Tesla accelerated causing it to strike the vehicle in front of it at a high rate of speed.

6. Defendant, Kim Lam claims that she did not intend or willingly operate the Tesla vehicle to fully accelerate as it did.

7. Defendant, Tesla, Inc., designed, manufactured, sold, and marketed the subject vehicle.

8. Defendant, Tesla, Inc., is a Delaware corporation with its headquarters located at 3500 Deer Creek Road, Palo Alto, California, 94304, and said Defendant was and is now authorized to do and is doing continuous and substantial business in the State of New Jersey, including Camden County.

9. There may exist additional Defendants which the Plaintiff has been unable to determine to date. For purposes of the within Complaint, said individuals or business entities have been nominated as John Doe, Richard Roes, Inc., (fictitious names representing a class of as yet unknown individuals, corporations, or partnerships who sold, marketed, maintained, manufactured, designed, and/or supplied a vehicle or a component to a vehicle involved in this accident), and XYZ, Inc., (fictitious names representing a class of as yet unknown individuals, corporations, or partnerships who sold, marketed, maintained, manufactured, designed, and/or supplied component parts in the subject vehicle which caused, contributed to, or worsened Plaintiff's injuries). The Plaintiff reserves the right to amend the within Complaint when the identity of said individuals or business entities becomes known.

10. As a direct and proximate result of conduct, breach of warranties and negligence by the aforementioned Defendants, and product defects in the subject vehicle, the Plaintiff, Sharon Scott, suffered serious and permanent injuries he would not otherwise have suffered.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, interest, including prejudgment interest at the legal rate, costs of suit, and such other relief as the court deems proper.

SMITH MAGRAM
MICHAUD COLONNA
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
415 HIGH STREET
P.O. BOX 603
BURLINGTON, NJ 08016-0603

## SECOND COUNT

1. For several years prior to the subject crash Tesla drivers have reported a phenomenon known as Sudden Uncommanded Acceleration or "SUA" wherein Tesla vehicles accelerate at full power even though the driver reports that he or she did not command the acceleration by pressing on the accelerator pedal, either at all, or not to the degree that would call for the application of full power.

2. In 2016, one year after the launch of its Model X in the United States, Tesla was put on notice of the nature and extent of the SUA Defect in its Model X vehicle, when a lawsuit was filed alleging that the United States National Highway Traffic Safety Administration or NHTSA had received 13 SUA complaints in its Model X in its first year on the road.

3. Tesla equips all its Model S, Model X, and Model 3 vehicles, at least since March 2015, with Automatic Emergency Braking "AEB" whereby the vehicle computer uses the forwardlooking camera and the radar sensor to determine the distance from objects in front of the vehicle. When a frontal collision is considered unavoidable, Automatic Emergency Braking is designed to automatically apply the brakes to reduce the severity of the impact.

4. Tesla has programmed the AEB system to deactivate when it receives computer instructions from the accelerator pedal position sensor to drive full speed, even when driving into a fixed object.

5. Tesla's Automatic Emergency Braking is designed to operate when driving between 5 mph (8 km/h) and 85 mph (140 km/h), but that the vehicle will not automatically apply the brakes, or will stop applying the brakes, "in situations where you are taking action to avoid a potential collision, For example: You turn the steering wheel sharply, You press the accelerator pedal, You press and release the brake pedal, A vehicle, motorcycle, bicycle, or pedestrian, is no longer detected ahead."

6. The Tesla AEB deactivation includes situations where the computer believes, rightly or wrongly, that the driver is commanding full throttle acceleration directly into fixed objects immediately in front of the vehicle.

7. Defendants Tesla, Inc., John Doe, Richard Roes, Inc., (fictitious names representing a class of as yet unknown individuals, corporations, or partnerships who sold, marketed, maintained, manufactured,

SMITH MAGRAM
MICHAUD COLONNA
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
415 HIGH STREET
P.O. BOX 603
BURLINGTON, NJ 08016-0603

designed, and/or supplied a vehicle or a component to a vehicle involved in this accident), and XYZ, INC. (1-10) (fictitious names representing a class of as yet unknown individuals, corporations, or partnerships who sold, marketed, maintained, manufactured, designed, and/or supplied component parts in the subject vehicle which caused, contributed to, or worsened Plaintiff's injuries), are strictly liable to the Plaintiff, including but not limited to the following reasons: (A) the propensity of the vehicle model to apply full power acceleration when the driver has not commanded such acceleration and lack of an alternative design that would have prevented that propensity; (B) the lack of a proper or alternative fail-safe logic that will cut power and apply the brakes when the vehicle registers full power acceleration when there are fixed objects in the immediate path of the vehicle; and (C) the lack of a proper or alternative fault detection system that would recognize an SUA event beyond the maximum design tolerance or in normal foreseeable driving situations and respond by shutting down the throttle; (D) The vehicle lacked adequate and sufficient warnings and instructions about the risks, dangers, and harms presented by the vehicle and reasonable means to reduce such risks, dangers, and harms;

3. Because of the defective design, manufacture, and distribution of the aforementioned aspects, components, and systems of the subject Tesla, it was unsafe during foreseeable use, as a result, the vehicle was unreasonably dangerous and should not have been placed into the stream of commerce in that condition.

4. The aforementioned defects were a proximate cause of Scott's injuries.

5. As a direct result of the matters alleged above, the Plaintiff is entitled to rely on the doctrine of strict liability in tort pursuant to those actions recognized in the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq., and/or common law liability for material misrepresentations regarding the safety of the product, and/or liable for breach of express warranty under N.J.S.A. 12A:2-213, et seq., for recovery against the Defendants Tesla, Inc., John Doe, Richard Roe, Inc., (fictitious names representing a class of as yet unknown individuals, corporations, or partnerships who sold, marketed, maintained, manufactured, designed, and/or supplied a vehicle or a component to a vehicle involved in this accident), and XYZ, INC., (fictitious names representing a class of as yet unknown individuals, corporations, or

SMITH MAGRAM
MICHAUD COLONNA
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
415 HIGH STREET
P.O. BOX 603
BURLINGTON, NJ 08016-0603

partnerships who sold, marketed, maintained, manufactured, designed, and/or supplied component parts in the subject vehicle which caused, contributed to, or worsened Plaintiff's injuries).

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, interest, including prejudgment interest at the legal rate, costs of suit, and such other relief as the court deems proper.

### THIRD COUNT

1. The conduct of the aforementioned Defendants and the unknown Defendants in designing, assembling, manufacturing, marketing, and selling the subject Telsa vehicle and its component parts in such a defective and unreasonably dangerous condition was so grossly negligent, and manifested such a reckless indifference to the safety of the Plaintiff, and other owners of similar Tesla vehicles, as to constitute actual malice manifested by the aforementioned named Defendants and unknown Defendants against Plaintiff, and/or wanton and willful disregard of persons who foreseeably might be harmed by their acts or omissions, including but not limited to the Plaintiff. Because the aforementioned named Defendants and the unknown Defendants acted with actual malice against Plaintiff, and/or wanton and willful disregard of persons who foreseeably might be harmed by their acts or omissions, including but not limited to the Plaintiff, punitive damages should be imposed against those Defendants in amounts sufficient to punish those Defendants for their wrongful conduct as to Plaintiff, and to deter those Defendants and other similarly situated from engaging in such conduct in the future.

WHEREFORE, the Plaintiff demands judgment against all of the Defendants, jointly and severally, for the compensatory damages described in the aforementioned paragraphs of this Complaint. The Plaintiff further demands judgment against the Defendants and the unknown Defendants, jointly and severally, for punitive damages in an amount sufficient to adequately punish those Defendants for their reckless and malicious conduct described above, and to deter those Defendants and others similarly situated from engaging in such intentional and reckless conduct in the future. The Plaintiff further demands that he recover interest on the judgment amount, including prejudgment interest at the legal rate, his costs of suit, and such other relief as the Court may deem appropriate under law.

SMITH MAGRAM
MICHAUD COLONNA
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
415 HIGH STREET
P.O. BOX 603
BURLINGTON, NJ 08016-0603

## FOURTH COUNT

1. Plaintiffs repeat each and every allegation of the prior counts as if set forth herein at length.

2. Defendants' conduct stated above all constituted a violation on New Jersey's Consumer Fraud Act, N.J.S.A. 56:8, et seq.

WHEREFORE, Plaintiffs demand treble damages and punitive damages pursuant to N.J.S.A. 56:8, et. seq.

## FIFTH COUNT

1. Plaintiffs repeat each and every allegation of the prior counts as if set forth herein at length.

2. Defendant, Kim Lam had a duty to Plaintiff to operate the subject vehicle in a reasonably safe manner and to ensure his safety as a passenger in a vehicle she was operating.

3. Said Defendant's conduct did not fulfill that obligation and therefore was negligent.

WHEREFORE, Plaintiff demands judgment against this Defendant for compensatory damages, interest, including prejudgment interest at the legal rate, costs of suit, and such other relief as the court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a Trial by Jury as to all Counts and all issues raised by this Complaint.

## TRIAL COUNSEL DESIGNATION

Plaintiffs hereby designate Casey K. Colonna, Esquire as trial counsel in this matter.

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, Defendants are demanded to provide a complete copy of their applicable liability insurance policies including any excess or umbrella policies with declaration sheets within thirty (30) days of service of this Complaint.

## DEMAND FOR INTERROGATORIES

Plaintiff(s) demand that Defendant(s) answer Form C and C4 Uniform Interrogatories, as prescribed by the Rules of Court.

SMITH MAGRAM
MICHAUD COLONNA
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
415 HIGH STREET
P.O. BOX 603
BURLINGTON, NJ 08016-0603

## REJECTION OF ANY NOTICES OF ALLOCATION

Plaintiff(s) reject(s) any Notices of Allocation asserted by any Defendant, whether made pursuant to R. 4:7-5 or otherwise. Plaintiff(s) insists that the details upon which any claim of allocation is based be provided to Plaintiff(s) in a timely manner in discovery as is required by Young v. Latta, 123 N.J. 584 (1991).

## CERTIFICATION

I hereby certify that to my knowledge the matter in controversy is not the subject of any other action pending in any Court or of any pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated, nor are there any other necessary parties.

**SMITH MAGRAM MICHAUD & COLONNA**
A Professional Corporation
Attorneys for Plaintiff

By: _____
Casey K. Colonna
A Member of the Firm

DATED: January 18, 2022

SMITH MAGRAM
MICHAUD COLONNA
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
415 HIGH STREET
P.O. BOX 603
BURLINGTON, NJ 08016-0603

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-000152-22**

**Case Caption:** SCOTT SHARON  VS TESLA, INC.
**Case Initiation Date:** 01/18/2022
**Attorney Name:** CASEY K COLONNA
**Firm Name:** SMITH MAGRAM MICHAUD COLONNA PC
**Address:** 415 HIGH ST P.O. BOX 603
BURLINGTON NJ 08016
**Phone:** 6093862633
**Name of Party:** PLAINTIFF : SCOTT, SHARON
**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: SHARON SCOTT?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/18/2022                                                                                              /s/ CASEY K COLONNA
Dated                                                                                                                    Signed