**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHARON SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>TESLA, INC., *et al.*,<br><br>    Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 22-0630 (KMW-AMD)<br><br>**MEMORANDUM OPINION AND ORDER** |

**Casey Keith Colonna, Esquire**
Smith Magram Berenato & Michaud PC
415 High Street
P.O. Box 603
Burlington, NJ 08016
*Counsel for Plaintiff Sharon Scott*

**Colleen M. Ready, Esquire**
Margolis Edelstein
100 Century Parkway
Suite 200
Mt. Laurel, NJ 08054
*Counsel for Defendant Kim Lam*

**Darren Christopher Kayal, Esquire**
**Kristen J. Vizzone, Esquire**
Rudolph Kayal & Almeida
Atlantic Corporate Center
2317 Highway 34
Suite 2-C
Manasquan, NJ 08736
*Counsel for Defendant Mike P. Gao*

**WILLIAMS, District Judge:**

This matter comes before the Court by way of Defendant Kim Lam's ("Lam") Motion to Remand this case to the Superior Court of New Jersey, Law Division, Camden County. Neither Plaintiff Sharon Scott ("Plaintiff") nor Defendant Mike P. Gao ("Gao") opposes the Motion. For the reasons that follow, Lam's Motion to Remand is **GRANTED**.

On January 26, 2020, Plaintiff was working as a toll collector in a tollbooth in Camden when she witnessed a motor vehicle accident involving two cars. Counsel Certification ("Counsel Cert.") ¶¶ 3, 4; Notice of Removal, ECF No. 1. Plaintiff was not struck by any object but claims she suffered psychological injuries as a result of the accident. Counsel Cert. ¶¶ 4, 5. On January 18, 2022, Plaintiff initiated the instant action in the Superior Court of New Jersey, Law Division, Camden County. *See generally* Compl., ECF No. 1-2. In the five-count Complaint, Plaintiff alleges violations of the New Jersey Consumer Fraud Act and strict liability, breach of warranty, and negligence claims. *Id.* On February 7, 2022, Defendant Tesla, Inc. ("Tesla") removed this matter to this Court, asserting diversity of citizenship jurisdiction under 28 U.S.C. § 1332.[1] Notice of Removal, ECF No. 1. Thereafter, Plaintiff filed a letter seeking to remand this matter to state court.[2] ECF No. 38. This Court denied that request on the basis that Plaintiff's letter was underdeveloped in explaining the discrete basis for which the Court lacks subject matter jurisdiction. ECF No. 39. Lam then filed the instant Motion to Remand. ECF No. 43. In her Motion, Lam contends that the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. Neither Plaintiff nor Gao opposes the Motion.

Federal courts are courts of limited jurisdiction, and they must have the authority to hear a suit before proceeding to the merits. *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869-70 (3d Cir. 2022). Federal courts have the power to hear two types of cases: cases over issues "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and disputes between citizens of different states so long as "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §

---

[1] The Court notes that Tesla is no longer a party to this case pursuant to an order dismissing Tesla with prejudice. ECF No. 37.

[2] Plaintiff did not file a formal motion. Instead, she filed a letter.

2

1332. A motion for remand on the basis of a procedural defect must be filed within thirty days of the filing of the notice of removal, 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212 (3d Cir. 1991) (citing 28 U.S.C. 1447(c)). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

"In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (quoting *Samuel-Bassett*, 357 F.3d at 398). When the complaint is silent on the specific amount of damages sought, to determine the amount in controversy, the Court may consider the complaint, the notice of removal, and the parties' submissions related to the motion to remand. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2003) (stating that jurisdictional facts required to support removal may be found in later-filed affidavits); *see also Pollock v. Trustmark Inc. Co.*, 367 F. Supp. 2d 293, 297 (E.D.N.Y. 2005) ("Where there is no dollar amount alleged in the complaint and the action is in federal court by a notice of removal . . . . [t]he court looks first to the complaint, and then to the moving papers, and then to anything else."). When jurisdictional allegations are challenged in a notice of removal, "the parties must submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied." *Vaccaro v. Amazon.com.dedc, LLC*, No. 18-11852,

3

2019 WL 1149783, at *3 (D.N.J. Mar. 13, 2019); *see also Kasher Law Grp., LLC v. Ciox Health, LLC*, No. 18-1821, 2018 WL 4215004, at *3 (D.N.J. Sept. 5, 2018) ("Plaintiff, however, has challenged Defendant's calculation of the amount in controversy, and the Court must now consider whether the preponderance of the evidence supports Defendant's assertion of jurisdiction.").

Here, Tesla removed this case to this Court on the basis of diversity of citizenship. The parties have certified that Plaintiff is a citizen of New Jersey and Lam and Gao are citizens of New York.[3] ECF No. 13. Thus, the only question remaining before the Court is whether the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, as required under 28 U.S.C. § 1332. Both the Complaint and the Notice of Removal are silent on the specific amount of damages sought.[4] *See* Compl., ECF No. 1-2; Notice of Removal, ECF No. 1. However, Plaintiff's medical records were submitted in support of the instant Motion, and those records reflect Plaintiff's diagnosis of post-traumatic stress disorder and psychological counseling appointments Plaintiff attended. Counsel Cert. at Ex. A. The records also indicate that, as of February 24, 2021, a little more than one year after the accident, Plaintiff "successfully met her treatment goals." *Id.* Additionally, Plaintiff was not prescribed medication and has

---

[3] The Court recognizes the parties filed their Joint Certification of the Citizenship of the Parties, in which they certified to their citizenship, before Tesla was dismissed from this case. Tesla's dismissal does not change the fact that Plaintiff and Defendants Lam and Gao are diverse parties for purposes of citizenship.

[4] Throughout the Complaint, Plaintiff states she "demands judgment . . . for compensatory damages, interest, including prejudgment interest" and "treble damages and punitive damages" but does not specify the specific amount of damages sought. ECF No. 1-2 at 4, 7, 8. The Notice of Removal does not include a specific amount of damages but includes the following allegations: (1) "Tesla can demonstrate that the amount in controversy exceeds $75,000 under the applicable 'preponderance of the evidence' standard" and (2) "[i]f Plaintiff were to prevail on her claims, she could plausibly be awarded damages in excess of $75,000, exclusive of interest and costs." Notice of Removal, ECF No. 1 at 3. The Court notes that a defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

4

returned to work. Lam's Letter-Brief at 2; Counsel Cert. at Ex. A. The medical records presented to the Court suggest that Plaintiff's claims do not satisfy the jurisdictional amount. In addition, letters written by Plaintiff's counsel in connection with this suit, which were filed in support of the instant Motion, indicate that Plaintiff's settlement demand is $75,000. Counsel Cert. at Ex. B. Significantly, although not dispositive, the parties seem to agree that Plaintiff is seeking $75,000 or less to resolve her case. *Id.* Moreover, neither Plaintiff nor Gao opposes the instant Motion. Counsel Cert. ¶ 17. In fact, counsel for both Plaintiff and Gao have consented to the entry of an order for remand. *Id.* Accordingly, because the record before this Court strongly suggests that the amount in controversy is $75,000 or less, this case will be remanded to the Superior Court of New Jersey, Law Division, Camden County.

## ORDER

IT IS this 31st day of **October, 2023** hereby

**ORDERED** that Defendant Lam's Motion to Remand (ECF No. 43) is **GRANTED**; and it is further

**ORDERED** that this case is remanded to the Superior Court of New Jersey, Law Division, Camden County.

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE